Dear Ms. Cooley:
This office is in receipt of your request for an opinion of the Attorney General in regard to purchase of land by the Clerk of Court for the Twenty-First Judicial District. You indicate the Clerk of Court, John Dahmer, is interested in purchasing some land owned by the Tangipahoa Parish School Board in Amite, and we have been informed that this is to be used for office space. You ask how to word this bill so it can be presented to the state legislature.
R.S. 33:4713 provides as follows:
 Each parish shall provide and bear the expense of a suitable building and requisite furniture for the sitting of the district and circuit courts and such offices, furniture and equipment as may be needed by the clerks and recorders of the parish for the proper conduct of their offices and shall provide other offices as may be needed by the sheriffs of these courts and by the tax collectors and assessors of the parish and shall provide the necessary heat and illumination therefor. (Emphasis added.)
 * * * * * * * * * * * * * * * * * * * * * * * * * * * *
Purusant to this statute we do not find that the Clerk of Court has the authority to purchase land to be used by his office for office space. This office has concluded that procurement of additional office space is a capital outlay expense which the Parish Police Jury must provide and not one which the Clerk of Court may incur, Atty. Gen. Op. No. 85-22.
Subsequently, in Atty. Gen. Op. No. 97-262 this office observed that pursuant to R.S. 33:4713 the police jury is mandated to furnish a building and furniture for the district and circuit courts, along with furniture and equipment, and this statutory duty is limited by the standard of reasonableness.
With reliance upon R.S. 33:4713 a similar conclusion was reached with regard to the District Attorney wherein this office stated that he could not purchase a building for his office and place title in the name of the district attorney, Atty. Gen. Op. No. 87-326.
Accordingly, it would appear the only recourse to permit the Clerk of Court to acquire title to the property rather than it be acquired by and in the name of the Parish, would to be to have an exception made by an amendment to R.S. 33:4713 insofar as it mandates the parish to provide and bear the expense of offices for the clerks of the Parish.
As to the drafting of such a bill, you should contact your State Representative to have him have a bill prepared for his presentation to the legislature for such an amendment.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr